# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WARNEMUENDE,<br><br>                 Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>                 Defendant. | CASE NO. 10CV2432 WQH (PCL)<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the Report and Recommendation (ECF No. 23) issued by the Magistrate Judge recommending that the Motion for Summary Judgment (ECF No. 16) filed by Plaintiff Robert Warnemuende be denied and the Cross-Motion for Summary Judgment (ECF No. 22) filed by Defendant Michael Astrue be granted.

## BACKGROUND

    On May 30, 2007, Plaintiff applied for Social Security Disability Insurance Benefits alleging disability beginning on September 29, 2006. Plaintiff's application was denied initially and upon reconsideration. On May 27, 2010, a hearing was held before an administrative law judge ("ALJ"). At the hearing, Plaintiff amended his request to a closed period of disability from September 1, 2006 to August 27, 2008. On June 9, 2010, the ALJ issued a written decision finding that Plaintiff was not disabled. On September 27, 2010, the decision of the ALJ became final when the Appeals Council denied Plaintiff's request for review of the decision.

On November 24, 2010, Plaintiff initiated this action by filing a Complaint for judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1). On April 20, 2012, Plaintiff filed a Motion for Summary Judgment. (ECF No. 16). On June 20, 2012, Defendant filed a Cross-Motion for Summary Judgment and an Opposition to Plaintiff's Motion for Summary Judgment. (ECF Nos. 21-22).

On August 24, 2012, the Magistrate Judge issued the Report and Recommendation recommending that Plaintiff's Motion for Summary Judgment be denied and that Defendant's Cross-Motion for Summary Judgment be granted. (ECF No. 23). The Magistrate Judge found that the ALJ provided valid reasons for rejecting the opinion of the treating physician, properly disregarded the opinion of the consulting psychiatrist, and made a harmless typographical error in describing Plaintiff's residual functioning capacity.

On September 4, 2012, Plaintiff filed Objections to the Report and Recommendation. (ECF No. 24). Plaintiff contends that the Magistrate Judge failed to give controlling weight to the treating physician's opinion, erred in disregarding the consulting psychiatrist's opinion, and failed to define harmless error in its finding regarding Plaintiff's residual functioning capacity. On September 5, 2012, Defendant filed a Reply. (ECF No. 25).

**STANDARD OF REVIEW**

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion. The evidence must be more than a mere scintilla but not necessarily a preponderance." *Id*. (quotations omitted). Where the evidence reasonably can be construed to support more than one rational interpretation, the court must uphold the ALJ's decision. *Batson v. Comm'r Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). This includes deferring to the ALJ's credibility determinations and resolutions of evidentiary conflicts. *See Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001).

## DISCUSSION

The opinion of a treating physician generally should be given more weight than opinions of doctors who do not treat the claimant. *See Turner v. Comm'r. of Soc. Sec*., 613 F.3d 1217, 1222 (9th Cir. 2010) (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). If the treating doctor's opinion is contradicted by the opinion of another doctor, the ALJ may properly reject the treating physician's opinion only by providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. *Id.* This can be done by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his] interpretation thereof, and making findings." *Tommasetti*, 533 F.3d at 1041. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). A non-examining doctor's opinion, without additional supporting evidence from the record, does not constitute substantial evidence with which to reject a treating doctor's opinion. *Lester*, 81 F.3d at 831-32.

The ALJ rejected the opinion of Plaintiff's treating physician, Dr. Miller. In rejecting Dr. Miller's opinion, the ALJ stated:

> The claimant's primary care treating doctor, Elliot Miller, M.D., stated in January 2008 that the claimant qualified for "permanent disability" due to his chronic cervical, lumbar spine and arm pain. First, Dr. Miller is not qualified in these proceedings to decide that the claimant is permanently disabled. A treating physician's medical opinion, on the issue of the nature and severity of an impairment, is entitled to special significance; and, when supported by objective medical evidence and consistent with otherwise substantial evidence of record, entitled to controlling weight .... However, statements that a claimant is 'disabled', 'unable to work', can or cannot perform a past job, meets a listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein and in the Dictionary of Occupational Titles. Such issues are reserved to

> the Commissioner .... Second, the record fails support the doctor's opinion that the claimant is incapable of all work. Finally, just 8 months after the doctor declared the claimant permanently disabled, the claimant was able to return to work. The undersigned gives the doctors opinion little weight.

(Administrative Record ("AR") p. 16; ECF No. 11-2 at 17).

The ALJ assigned significant weight to the testimony of the impartial medical expert, Dr. Weilepp. In considering Dr. Weilepp's opinion, the ALJ stated:

> Dr. Weilepp opined that the claimant did meet or equal any listing but did have limitations on his activities. He testified that during the period in question, the claimant could lift and carry 10 pounds frequently and less than 10 pounds occasionally; could sit and stand for pain management for 30 minutes; could stand and walk at his own pace for short distances only for 2 out of 8 hours cumulatively; sit for 1-2 hours at a time, for a maximum of 4-6 hours out of 8, but only 4 of 8 hours in the first 4 months after April 2007 (neck surgery) and after that, 6 out of 8 hours sitting; no climbing of ladders, ropes or scaffolds but the balance of postural activities could be done occasionally; no overhead work with the bilateral upper extremities; no highly repetitive or continuous fingering or feeling but continuous use was okay; limited to infrequent keyboarding; no hazardous work environment; no extreme cold; no industrial vibration; extreme limitation in rotation and flexion of the neck with no continuous or repetitive movement, but frequent movement allowed and sedentary, clerical work allowed. In light of Dr. Weilepp's testimony and the medical evidence of record, there is no basis for the limitations testified to by the claimant. Pursuant to 20 CFR § 404.1527 and Social Security Ruling 96-2p, the undersigned assigns significant weight to this opinion, as it is well-supported by the medical evidence, including the claimant's medical history and clinical and objective signs and findings as well as detailed treatment notes, which provides a reasonable basis for claimant's chronic symptoms and resulting limitations. Moreover, the opinion is not inconsistent with other substantial evidence of record.

(AR p. 15-16; ECF No. 11-2 at 16-17).  The ALJ further stated:

> The claimant's daily activities are consistent with the above residual functional capacity assessment and are inconsistent with disabling levels of pain. The claimant describes an active life that includes preparing breakfast, doing light household chores, driving, visiting with friends and family, taking care of his personal needs, reading the newspaper and watching television.

*Id.* at 16.  On July 27, 2007, Dr. Taylor-Holmes completed a Physical Residual Functional Capacity Assessment in which he concluded that, "[a]lthough it is reasonable that clmt [sic] has some pain based on the diagnoses and findings in file, the severity of the limitations are not in keeping with the medical evidence and supporting documents."  (AR p. 426; ECF No. 11-7 at 46).

The ALJ rejected the opinion of Plaintiff's consulting psychiatrist, Dr. Konia.  In rejecting Dr. Konia's opinion, the ALJ stated:

> Although the doctor opined that the claimant was capable of performing simple, repetitive work tasks on a frequent basis, his report does not support this limitation. He found only that the claimant had a "mood disorder due to pain with depressive features" as well as a Global Assessment of Functioning score of 62. He found no thought disorder or major mood disturbance and noted that the claimant's cognitive functions were intact (Exhibit 8F). Moreover, nothing the claimant's medical record supports the limitation found by Dr. Konia. The undersigned does, however, give great weigh to the opinion of the state Agency which found the claimant did not have a severe medically determinable mental impairment (Exhibit 9F). That finding is consistent with the medical evidence of record.

(AR p. 16; ECF No. 11-2 at 17). In discussing Plaintiff's mental impairment, the ALJ stated:

> There is no evidence in the record that the claimant suffered from a severe mental impairment, during the requested closed period. There are no mental health records for that period, a fact admitted by the claimant's representative during the hearing, and no evidence that the claimant was taking any psychotropic medications during the period. Although the consultative examiner limits the claimant to simple repetitive tasks, his examination findings are benign (mild depression, no thought or major mood disorder, cognition intact, GAF 62) (Exhibit 8F).

*Id.* at 16. On December 19, 2007, Dr. Skopec completed a Psychiatric Review of Plaintiff, concluding that "[t]here does not appear to be more than a minimal effect on the claimant's mental ability to perform basic mental work related functions." (AR p. 471; ECF No. 11-7 at 91).

The Magistrate Judge correctly concluded that "substantial evidence supports the ALJ's decision to reject the opinion of Dr. Miller in favor of the opinions of Dr. Weilepp and Dr. Taylor-Holmes in defining Plaintiff's residual functional capacity." (ECF No. 23 at 15). The Magistrate Judge correctly concluded that "the ALJ properly gave little weight to Dr. Miller's disability opinion because the doctor was not qualified to decide that Plaintiff is 'disabled' within the meaning of the Act and the record failed to support Dr. Miller's opinion that Plaintiff was incapable of full-time work for at least 12 months, the minimal amount of time required to fulfill the definition of disability under the Social Security Act." *Id.*

The Magistrate Judge correctly concluded that "the ALJ had clear and convincing reasons for rejecting Dr. Konia's disability opinion, ... as it was sufficiently contradicted by his own examination findings and the opinion of another consulting medical professional." *Id.* at 17. The Magistrate Judge correctly concluded that "[e]ven if Dr. Konia's statement could be interpreted as a strict limitation on Plaintiff's abilities, the ALJ gave clear and

convincing reasons for rejecting such an opinion of a non-treating physician that were supported by substantial evidence in the record." *Id.* at 16.

The Magistrate Judge correctly stated that "[a] decision of the ALJ will not be reversed for errors that are harmless." *Id.* The Magistrate Judge correctly concluded that "the ALJ's decision and the record as a whole show that the ALJ made a one-time clerical error with the inclusion of 'no' in front of 'sedentary clerical activity allowed' and that this mistake should not derail the ALJ's ultimate decision that Plaintiff was capable of doing his past work as a vocational counselor." *Id.*

After reviewing de novo those portions of the Report and Recommendation to which Plaintiff objected, and after reviewing the ALJ's decision in light of the Administrative Record, the Court finds that the Magistrate Judge correctly evaluated the facts and applied the controlling law in this case.

## CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 23) is adopted in its entirety. Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED. Defendant's Cross-Motion for Summary Judgment (ECF No. 22) is GRANTED.

DATED: September 26, 2012

**WILLIAM Q. HAYES**
United States District Judge